STATE

v.

**Thomas CAPUANO.**

**No. 89–283–C.A.**

Supreme Court of Rhode Island.

May 17, 1991.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Catherine Gibran and Barbara Hurst, Asst. Public Defenders, for defendant.

OPINION

FAY, Chief Justice.

This case comes before us on appeal by the defendant, Thomas Capuano, from a Superior Court jury conviction of operating a motor vehicle while under the influence of intoxicating liquor. The defendant alleges that the trial justice erred in failing to grant his motion for judgment of acquittal. In support of this argument the defendant asserts that sitting at the controls of an idling motor vehicle while intoxicated does not constitute operating or driving a motor vehicle pursuant to G.L.1956 (1982 Reenactment) § 31–27–2, as amended by P.L.1985, ch. 150, § 39. For the reasons stated herein, we reverse the conviction of the defendant.

At approximately 10:50 on the evening of September 20, 1985, Officer Michael McKenna (McKenna) of the Newport police department responded to a call from the manager of the Blue Pelican, a Newport nightclub, concerning defendant, who was apparently intoxicated and about to drive off on a motorcycle. Upon his arrival at the Blue Pelican, McKenna was informed by the manager that defendant had been persuaded not to leave. McKenna subsequently departed.

Approximately twenty minutes later McKenna returned to the Blue Pelican in response to a second call from the manager, who again was asserting that defendant was about to drive off on a motorcycle. By the time McKenna arrived at the Blue Pelican for the second time, defendant had reentered the establishment. This time, however, McKenna was taken inside the club by the manager and introduced to defendant. McKenna and defendant thereafter went outside the building to talk, at which time McKenna observed that defendant had slurred speech and watery and bloodshot eyes and was unstable on his feet. As a result of his observation McKenna advised defendant not to drive in such a condition. The defendant assured McKenna that he would not drive and that he was going to stay at a local hotel for the evening. The defendant declined the officer's offer of a ride to the hotel, and McKenna thereafter departed.

At approximately 11:30 the same evening Officer Wayne Morrison (Morrison) of the Newport police department was dispatched to the Blue Pelican. Upon his arrival Morrison observed defendant sitting on a motorcycle with its engine running, headlight on, and kickstand up. As Morrison approached defendant, defendant turned the motorcycle off and dismounted. Morrison observed that defendant's eyes were bloodshot and that he was very unsteady on his feet. Thereafter Morrison read defendant his rights and, with defendant's consent, administered a number of field-sobriety tests.

Morrison conducted a total of three sobriety tests. The first test involved defendant's walking a straight line heel to toe. According to Morrison, while attempting to do this, defendant staggered and came close to falling down. The two remaining tests consisted of defendant's attempting to touch his nose with the index finger of each hand and of defendant's trying to stand unassisted on one leg. The defendant was not able to touch his nose in the requested manner, nor was he able to stand on one leg for more than a second.

Following the sobriety tests Morrison placed defendant under arrest and transported him to the Newport police station where defendant was charged with operating a motor vehicle while under the influence of liquor. While at the police station defendant voluntarily agreed to take a breathalyzer test. McKenna administered two tests, one approximately one-half hour after the other. The first test came back at .14, and the second test resulted in a score of .12.

Subsequently defendant was convicted in District Court. The defendant thereafter appealed his conviction to the Superior Court where he was found guilty following a trial by jury. Following the Superior Court conviction defendant was fined $350 and ordered to perform twenty hours of community service, to attend a special course on driving while intoxicated, and to pay all costs and assessments; he also had his license suspended for four months. The sentence was stayed pending the outcome of this appeal.

The only question before us on appeal is whether the trial justice erred in denying defendant's motion for judgment of acquittal by concluding that being at the controls of an idling motorcycle while intoxicated constituted either operating or driving a motor vehicle within the meaning of § 31–27–2(a). In *State v. Henshaw*, 557 A.2d 1204 (R.I.1989), this court set forth the proper standard for reviewing a denial of a motion for judgment of acquittal. In *Henshaw* we stated, "In reviewing a denial of a motion for judgment of acquittal, this court applies the same standard the trial justice applies in arriving at his or her ruling." *Id.* at 1206. "In deciding such a motion, a trial justice must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses and draw all reasonable inferences that are consistent with guilt." *Id.; see State v. Dame*, 560 A.2d 330, 334 (R.I.1989). "Unless the evidence viewed in such a light is insufficient to warrant a jury verdict of guilt beyond a reasonable doubt, a motion for judgment of acquittal should be de-

nied." *Henshaw*, 557 A.2d at 1206–07; *see Dame*, 560 A.2d at 334.

Section 31–27–2(a) states:

"Whoever operates or otherwise drives any vehicle in the state while under the influence of any intoxicating liquor, drugs, toluene or any controlled substance as defined in chapter 28 of title 21, or any combination thereof, shall be guilty of a misdemeanor and shall be punished as provided in paragraph (d) of this section."

The evidence contained within the record clearly establishes that the jury was warranted in finding beyond a reasonable doubt that defendant, at the time of his arrest, was intoxicated, was within the State of Rhode Island, and was in possession of a motor vehicle. The defendant does not, in fact, dispute these points. The only question remaining is whether the jury was warranted in finding beyond a reasonable doubt that defendant either drove or operated his motor vehicle. We believe that the jury was not so warranted and therefore find that the trial justice erred in denying defendant's motion for judgment of acquittal.

In reaching this conclusion, we rely upon both the amendment of § 31–27–2(a) and prior holdings of this court relating to the construction of penal statutes. In 1982 § 31–27–2(a) was amended. *See* P.L.1982, ch. 176, § 1. Prior to its amendment § 31–27–2(a) read as follows:

"It shall be unlawful and punishable as provided in paragraph (c) of this section for any person who is an habitual user of or under the influence of any intoxicating liquor, toluene or any controlled substance as defined in chapter 21–28 or any combination thereof to drive or to be in actual physical control of any vehicle within this state."

■ Because § 31–27–2(a) is a penal statute, it "must be strictly construed in favor of the party upon whom [the] penalty is to be imposed." *State v. Calise*, 478 A.2d 198, 200 (R.I.1984); *see State v. Young*, 519 A.2d 587, 588 (R.I.1987); *State v. Gonsalves*, 476 A.2d 108, 111 (R.I.1984);

*State v. Dussault*, 121 R.I. 751, 753, 403 A.2d 244, 246 (1979).

■ Under a strict construction of the post amendment language of § 31–27–2(a) in favor of defendant, it becomes clear that the Legislature, in removing the actual physical control language from the section, intended that more than simple possession of a motor vehicle was necessary to constitute operating or driving. If the Legislature had wished to criminalize mere possession of a motor vehicle while intoxicated, then the Legislature surely would not have purposely omitted the actual physical control language.

The trial justice, in denying the defendant's motion for judgment of acquittal, concluded that the term "operates," as it appears in the amended version of § 31–27–2(a), includes being in actual physical control. Such a conclusion, however, is not in accord with the history of § 31–27–2(a). The actual physical control language was specifically deleted from the section by the Legislature. It was erroneous for the trial justice to conclude that, following the amendment of § 31–27–2(a), the term "operates" includes being in actual physical control. By amending § 31–27–2(a) and taking out the actual physical control language, the Legislature apparently did not intend to prohibit the action undertaken by the defendant in the instant case. The record is barren of any evidence that the defendant either operated or drove a motor vehicle within the meaning of § 31–27–2(a). Therefore, even when viewing the evidence in the light most favorable to the state, the evidence was insufficient to warrant a jury verdict of guilt beyond a reasonable doubt, and the trial justice erred in denying the defendant's motion for judgment of acquittal.

For the reasons stated, the defendant's appeal is sustained and the judgment of conviction is reversed. The papers of the case are remanded to the Superior Court for entry of judgment of acquittal in favor of the defendant.