STATE

v.

**Charles E. PERRY.**

No. 98–432–M.P.

Supreme Court of Rhode Island.

June 22, 1999.

---

Genevieve M. Allaire–Johnson, for Plaintiff.

Joseph A. Capineri, Pawtucket, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument May 19, 1999, on a petition for certiorari filed by the State of Rhode Island to seek review of a decision of the Administrative Adjudication Court Appellate Panel. This case was earlier assigned to the show cause calendar and each party was directed to show cause why the issues raised by this petition should not be summarily decided. Since cause has not been shown, the issues will be decided at this time.

A trial judge of the Administrative Adjudication Court had decided that Charles E. Perry (Perry or defendant) had violated G.L.1956 § 31–27–2.1 when he refused to submit to a breathalyzer test. Thereafter, an appellate panel of that court reversed the decision of the trial judge on the ground that the arresting officer did not have the requisite reasonable suspicion to determine that Perry had operated a mo-

tor vehicle while intoxicated. Perry had also raised an issue in support of his appeal that Officer Thomas Mello was not competent to testify that the breathalyzer machine was in good operating order and that defendant had willfully failed to provide a breath sample. Perry claimed that Officer Mello had given insufficient proof that he was a certified breathalyzer machine operator. The appellate panel declined to address this issue since it found that the arresting officer did not have the authority to request the test in the first place. The facts leading up to the arrest of Perry were as follows.

On July 29, 1997, at approximately 3:30 p.m., Officer Joseph Greenless of the Central Falls Police Department responded to the scene of an accident to which he had been summoned by his police radio. He found an immobile automobile in the center of the road. It appeared that this automobile had been struck in the rear. Its driver was at the wheel and gave the officer the license plate number and description of the vehicle that allegedly struck his automobile in the rear. The motorist claimed that his vehicle was struck in the rear while stopped at a red light. Officer Greenless ran a check of the license plate number and found that it was registered to Charles Perry, who had left the scene after motioning to the other driver in an ambiguous manner.

Officer Greenless remained at the scene for approximately five to seven minutes and then drove to Perry's home, which was located about one-quarter mile from the scene of the accident. When Greenless arrived at Perry's home, he observed a vehicle which corresponded to the description given to him by the motorist whom he had encountered at the scene of the accident and which bore the same license plate number. He noted that this vehicle had front-end damage. He inquired at the home for Charles Perry and was told by a woman who answered that Perry was not at home. At this moment, Perry came around the corner of the house and the officer asked him what had happened. Perry responded that he had motioned to the other driver to follow him.

Officer Greenless suggested to Perry that he should have remained at the scene. During this interchange, the officer noted a strong smell of alcohol on Perry's breath. He further noted that his eyes were bloodshot and that he was stumbling. Since Perry had difficulty standing, no field sobriety tests were administered. Greenless placed Perry under arrest, reading him his *Miranda* rights and notified him that he was charged with leaving the scene of an accident.

Subsequently Perry was taken to the Central Falls Police Station where he was read a series of admonitions which included *Miranda* rights, breathalyzer rights, and penalties relating to refusal to submit to a chemical test. These admonitions were given to him by Officer Mello who purported to be a certified breathalyzer operator. Perry was allowed to use a telephone in order to call his attorney. Apparently he reached his attorney by phone, talked to him, and then signed a form which set forth his consent to take a chemical test.

Perry was instructed to blow into the machine and apparently did so. Although he made two attempts, each time the machine indicated a "deficient sample." Officer Mello testified that the motorist was not blowing into the machine properly and appeared to be holding his breath. He was charged with refusal to submit to a chemical test.

On the basis of the testimony of Officers Greenless and Mello, the trial judge determined that the charge of refusing to take a chemical test had been established. The appellate panel reversed on the ground that Officer Greenless had not personally observed Perry operating his motor vehicle. The appellate panel held that *State v. Capuano*, 591 A.2d 35 (R.I.1991), was controlling.

■ We are of the opinion that under the facts of this case and the testimony obtained, the trial judge properly drew the inference that Officer Greenless had formed a reasonable suspicion that Charles Perry had operated the automobile which had been in collision with the automobile previously observed at the accident scene by Greenless. The facts of this case are distinguishable from the facts of *Capuano,* upon which the appellate panel had relied. First and foremost, the *Capuano* case involved a conviction for driving a motor vehicle under the influence of intoxicating liquor. Consequently, his operation of a motor vehicle was required to be proven beyond a reasonable doubt. Although the defendant was observed sitting on a motorcycle, he was not observed operating the motorcycle while in motion. *Capuano,* 591 A.2d at 37.

In the case at bar, we deal with a separate statute that authorizes a police officer to direct a suspect to submit to a breathalyzer test if the officer has "reasonable grounds" to believe that such person has been driving a motor vehicle within this state while under the influence of intoxicating liquor. Section 31–27–2.1. We have held in *State v. Jenkins,* 673 A.2d 1094, 1097 (R.I.1996), that this statute would authorize the stopping of a motor vehicle based on reasonable suspicion. *See also State v. Bjerke,* 697 A.2d 1069, 1071 (R.I. 1997). In *State v. Bruno,* 709 A.2d 1048, 1050 (R.I.1998), we held that reasonable suspicion was the appropriate standard upon which to satisfy the requirement of a violation of § 31–27–2.1.

■ In the case at bar, Officer Greenless certainly had reasonable suspicion to believe that Perry had operated the motor vehicle involved in the collision which had taken place within a short time prior to the officer's meeting with Perry. Here, the facts given to the officer by the first motorist as well as the statement made to the officer by Perry at his home gave clear indication that Perry had been operating his motor vehicle within a matter of a few minutes prior to his encounter with Greenless. Consequently, the appellate panel erred in holding that the trial judge had insufficient evidence upon which to determine that the officer had reasonable suspicion to believe that Perry had operated his motor vehicle while under the influence of alcohol.[1]

Nevertheless, the second issue remains unresolved. The appellate panel did not address the issue of Officer Mello's certification to operate the breathalyzer machine and to give an opinion regarding the defendant's efforts in providing a breathalyzer sample. For that reason, it will be necessary to remand the case to the appellate panel in order to address this issue.

For the reasons stated, the state's petition for certiorari is granted, the decision of the appellate panel is hereby quashed, and the papers in the case are remanded to the appellate panel (or its successor) in order to determine the question of Officer Mello's qualifications to operate the breathalyzer machine and to give an opinion regarding Perry's efforts to respond to Officer Mello's directions.

---

1. In the event that an officer arrests a person for the offense of driving under the influence of intoxicating liquor, the officer is required to have probable cause to believe that the suspect committed this offense. Probable cause exists when facts and circumstances known to a police officer or of which he or she has reasonably trustworthy information are sufficient to cause a person of reasonable caution to believe that a crime has been committed and the person to be arrested has committed the crime. *See, e.g., Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *State v. Bjerke,* 697 A.2d 1069 (R.I.1997); *In re John N.,* 463 A.2d 174, 178 (R.I.1983); *State v. Jenison,* 442 A.2d 866, 874 (R.I.1982); *State v. Bennett,* 430 A.2d 424, 426–27 (R.I.1981). In the case at bar, the officer arrested Perry for leaving the scene of an accident. The facts and circumstances known to the officer concerning this charge certainly amounted to probable cause.