# STATE OF CONNECTICUT *v.* EDWARD BURGOS
## (AC 29635)

Bishop, DiPentima and Berdon, Js.

Argued September 14—officially released December 15, 2009

*Christopher Y. Duby*, special public defender, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *David L. Zagaja*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Edward Burgos, appeals from the judgments of conviction rendered by the trial court following his conditional pleas of nolo contendere under General Statutes § 54-94a.[1] Because we conclude that the defendant's pleas were not knowing and voluntary, we reverse the judgments of conviction and remand the cases to the trial court with direction to vacate both pleas and for further proceedings.

The following facts and procedural history are relevant. The defendant was charged in two separate criminal files. The first set of charges stemmed from an incident occurring on September 11, 2004, involving his girlfriend, who accused him of physically and sexually assaulting her and taking her vehicle without permission. In that case, Docket No. CR-04-584868 (unlawful restraint case), the defendant was initially charged with sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), threatening in the second degree in violation of General Statutes § 53a-62, assault

---

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

in the third degree in violation of General Statutes § 53a-61 and using a motor vehicle without the owner's permission in violation of General Statutes § 53a-119b. On October 26, 2004, the defendant pleaded not guilty and was incarcerated because he could not post bail. Subsequently, the state filed a substitute information in that case charging the defendant with unlawful restraint in the first degree.

On February 6, 2005, while incarcerated, the defendant was involved in an incident with a correction officer. He was consequently charged, in Docket No. CR-05-588237 (assault case), with one count of criminal assault of public safety personnel in violation of General Statutes (Rev. to 2005) § 53a-167c.

On December 8, 2005, both cases were placed on the court's firm jury list. The defendant's cases were not called until June 1, 2007, when, mistakenly, another inmate was brought to the courthouse instead of the defendant.[2] At that time, the court asked defense counsel R. Bruce Lorenzen whether he was representing the defendant in both cases. Lorenzen indicated that the defendant was represented by another attorney in the assault case. On that same date, Lorenzen filed a motion to dismiss in the unlawful restraint case, arguing that the defendant's right to a speedy trial had been violated[3] and that pursuant to General Statutes § 54-142a (c) and *State* v. *Winer*, 99 Conn. App. 579, 915 A.2d 883 (2007), rev'd, 286 Conn. 666, 945 A.2d 430 (2008),[4] the charges against the defendant should be nolled by operation of

---

[2] The matter was then continued to June 12, 2007, at which time the court indicated that the case was being placed back on the firm trial list.

[3] We note that the defendant did not, at any time, assert his statutory or constitutional right to a speedy trial, as he never filed a motion for a speedy trial in either case. See *Barker* v. *Wingo*, 407 U.S. 514, 531–32, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); Practice Book § 43-41.

[4] The Supreme Court reversed this court's decision in *Winer* after the trial court issued its decision in this case.

law and dismissed because there had been no prosecution or other disposition of these matters since December 8, 2005. The court asked Lorenzen if the motion applied to the assault case as well, and he responded that he did not have an appearance in that file.

Following a hearing on August 9, 2007, the court denied the motion to dismiss. The defendant filed a motion to reconsider the denial of the motion to dismiss, but no action was taken on that motion. On October 11, 2007, pursuant to § 54-94a, the defendant entered written pleas of nolo contendere in both criminal files, conditioned on his right to appeal from the court's denial of his motion to dismiss as to both files. Specifically, the defendant entered a nolo contendere plea to the substitute charge of unlawful restraint in the first degree in violation of General Statutes § 53a-95 in the unlawful restraint case. He also entered a nolo contendere plea to the charge of assault of public safety personnel in violation of § 53a-167c in the assault case.

The court canvassed the defendant, found that the motion to dismiss pertained to both cases[5] and accepted the defendant's pleas. On January 14, 2008, in accordance with the plea agreement, the court imposed a sentence of seven years incarceration in the assault case and a concurrent five years of incarceration in the unlawful restraint case. This appeal followed.

"[W]e conduct a plenary review of the circumstances surrounding the plea to determine if it was knowing and voluntary." *State* v. *Groppi*, 81 Conn. App. 310, 313, 840 A.2d 42, cert. denied, 268 Conn. 916, 847 A.2d 311

---

[5] Prior to accepting the defendant's pleas, the court asked Lorenzen whether the motion to dismiss had been filed in both cases. In response, defense counsel and the prosecutor suggested that the motion to dismiss had been filed in both cases. The record reflects that both counsel were in error.

(2004). "A defendant entering a guilty plea waives several fundamental constitutional rights. . . . We therefore require the record affirmatively to disclose that the defendant's choice was made intelligently and voluntarily." (Citation omitted; internal quotation marks omitted.) Id., 314.

Here, the motion to dismiss bore only the docket number of the unlawful restraint case and made no mention of the assault case. In fact, when Lorenzen filed the motion to dismiss in the unlawful restraint case, he was not representing the defendant in the assault case. Therefore, the court mistakenly concluded that the motion to dismiss pertained to both cases. Although the record reflects that the defendant intended to enter his pleas on the condition that he be permitted to challenge on appeal the court's denial of his motion to dismiss, he could not do so in the assault case because, in that file, he had filed no motion to dismiss. Because the defendant mistakenly believed, at the time he had entered his pleas, that both pleas were conditioned on his right to appeal, neither plea was entered knowingly and voluntarily. Thus, his convictions cannot stand.

The judgments are reversed and the cases are remanded with direction to vacate the pleas and for further proceedings according to law.

In this opinion DiPENTIMA, J., concurred.

BERDON, J., dissenting. This nightmare has been going on for over five years, during which time, the defendant, Edward Burgos, has been incarcerated because he was unable to post the required cash bond of $750,000. Now, the majority wants to send this case back to the trial court for further proceedings because of a mere technicality. I will not take part in it, and, accordingly, I dissent.

This matter began with a claim that on or about September 11, 2004, the defendant sexually assaulted a woman, a matter that the "state has always conceded [was] . . . not the strongest case out there." He then struck a guard on February 6, 2005, presumably out of this frustration. Although the defendant's actions are not excusable, I could understand the frustration the defendant must have felt while being incarcerated and awaiting trial for a charge that, even the state conceded, was weak.

Appropriately, the defendant raised his constitutional right to a speedy trial in a motion to dismiss the charges before the court. Although it is unclear as to whether the court reached this argument, I would order defense counsel and the prosecutor to file supplemental briefs on the issues with respect to the violation of the defendant's state and federal constitutional right to a speedy trial[1] and put this case to rest.

Accordingly, I respectfully must dissent.

---

[1] See *Barker* v. *Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *State* v. *Lloyd*, 185 Conn. 199, 208, 440 A.2d 867 (1981); see also *State* v. *Nims*, 180 Conn. 589, 591, 430 A.2d 1306 (1980) (identifying four factors forming matrix of defendant's constitutional right to speedy adjudication: [1] length of delay, [2] reason for delay, [3] defendant's assertion of his right and [4] prejudice to defendant).