## STATE OF CONNECTICUT *v.* LUIS GERONIMO CLAUDIO
## (AC 31047)

Bishop, Robinson and Schaller, Js.

Argued May 25—officially released August 17, 2010

*Heather M. Wood*, deputy assistant public defender, for the appellant (defendant).

*David J. Vandrilla*, certified legal intern, with whom were *Michele C. Lukban*, senior assistant state's attorney, and, on the brief, *Michael Dearington*, state's attorney, and *Maxine V. Wilensky*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Luis Geronimo Claudio, appeals from the judgments of conviction rendered by

the trial court following his conditional pleas of guilty to possession of marijuana in violation of General Statutes § 21a-279 (c), evasion of responsibility in the operation of a motor vehicle in violation of General Statutes § 14-224 (b) and assault of public safety personnel in violation of General Statutes § 53a-167c. On appeal, the defendant claims that his guilty pleas were constitutionally defective because the court's canvass was inadequate and his pleas were not knowing and intelligent. We affirm the judgments of the trial court.

The following factual and procedural history is relevant to our disposition of the defendant's appeal. On July 16, 2008, the defendant pleaded guilty under the *Alford* doctrine[1] to possession of less than four ounces of marijuana, evading responsibility and assault of a police officer. He also admitted a violation of probation. In exchange for the defendant's guilty pleas and admission, pursuant to a *Garvin* agreement,[2] the court delayed sentencing for four months on the condition that the defendant not be arrested for any new conduct before his sentencing hearing; if he violated that condition, he would not be permitted to withdraw his guilty pleas and would be subject to the maximum sentence allowed for the offenses to which he pleaded guilty and for his violation of probation.

Near the outset of the plea canvass, when the court explained that the defendant could either enter his pleas or proceed with his violation of probation hearing, the

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37–39, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] "A *Garvin* agreement is a conditional plea agreement that has two possible binding outcomes, one that results from the defendant's compliance with the conditions of the plea agreement and one that is triggered by his violation of a condition of the agreement. See *State* v. *Garvin*, [242 Conn. 296, 300–302, 699 A.2d 921 (1997)]." (Internal quotation marks omitted.) *State* v. *Petaway*, 107 Conn. App. 730, 732 n.2, 946 A.2d 906, cert. denied, 289 Conn. 926, 958 A.2d 162 (2008).

defendant expressed some confusion.[3] The court responded that it could not accept the defendant's pleas if he did not understand his options and, therefore, instructed the defendant that he should return on August 6, 2008, for a hearing on the violation of probation charge. The defendant insisted, however, that he was ready to plead immediately. After asking the defendant, "what don't you understand?" and ascertaining that he knew that his pleas would be permanent, the court recommenced the plea canvass. Throughout the canvass, the defendant consistently responded that he

---

[3] The transcript states in relevant part:

"The Court: So, you know, if you feel that you are being pressured or between a rock and a hard place, you can have your hearing, you can have your trial. I'm not telling you to take this; you can walk out of here today and come back August 6 [2008] at two o'clock for your hearing. Do you understand that?

"[The Defendant]: I kinda understand, but I really don't understand.

"The Court: Well, that's fine, then it's August 6 at two o'clock for a hearing; don't worry about it. We'll see you August 6, two o'clock. You don't understand; August 6, two o'clock—

"[The Defendant]:—no—

"[Defense Counsel]:—Your Honor—

"The Court:—August 6 at two o'clock. I'm not taking the pleas because you don't understand; August 6, two o'clock. That's the hearing date before Judge Holden. Okay, you are all set.

"[The Defendant]: You already accepted the deal though.

"The Court: No, I'm not, because you said—

"[The Defendant]:—no—

"The Court:—I don't really understand. If you don't understand, how can I do it?

"[The Defendant]: I already accepted the deal. I just told [defense counsel] my own understanding of the charges.

"[Defense Counsel]: Your Honor, I have thoroughly explained all the charges to him—

"[The Defendant]:—I already said—it don't make sense to me—

"[Defense Counsel]:—I have explained all of the evidence—

"The Court: What don't you, what don't you understand? Why you are getting four years in jail?

"[The Defendant]: I took the deal.

"The Court: Because—you come back you can't take your plea back—

"[The Defendant]:—all right—

"The Court:—you understand that?

"[The Defendant]: Right, yes, I understand."

understood the proceedings and that he had not been coerced into pleading guilty. He also confirmed that defense counsel had "explained everything" and that he was satisfied with counsel's representation. The court accepted his pleas and his admission and set a sentencing date.

In violation of the *Garvin* agreement, the defendant was arrested before the scheduled sentencing date. Subsequently, on December 17, 2008, the court sentenced him to the maximum term of thirteen years incarceration on his guilty pleas and probation violation. This appeal followed.

The defendant claims that his guilty pleas were not knowing and intelligent and, therefore, were constitutionally defective. He claims, as well, that the court's canvass was inadequate. We assess these interwoven claims together. He concedes that the claims were not preserved and requests review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[4] As our Supreme Court has held in other cases, the record is adequate for *Golding* review because it contains a full transcript of the plea hearing and the claim is of constitutional magnitude because an inadequate plea canvass implicates due process rights. See *State* v. *Fagan*, 280 Conn. 69, 90, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007). The defendant's claim fails to satisfy the third *Golding*

___

[4] Under *State* v. *Golding*, supra, 213 Conn. 239–40, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.)

prong, however, because he has not established that a constitutional violation clearly exists.

Several important constitutional rights are waived by a defendant entering a guilty plea; therefore, due process requires that the waiver be knowingly and voluntarily made, and that it be affirmatively disclosed in the record. *Boykin* v. *Alabama*, 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Specifically, "we require the record to disclose an act that represents a knowing choice among available alternative courses of action, an understanding of the law in relation to the facts, and sufficient awareness of the relevant circumstances and likely consequences of the plea." (Internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 451, 936 A.2d 611 (2007). "[W]e conduct a plenary review of the circumstances surrounding the plea to determine if it was knowing and voluntary." (Internal quotation marks omitted.) *State* v. *Burgos*, 118 Conn. App. 465, 468, 984 A.2d 77 (2009).

The defendant claims that there were two defects in the plea canvass rendering it inadequate and that he did not waive his rights knowingly and voluntarily.[5] First, he contends that the court failed to explain that he was giving up his right to a jury trial,[6] as required by Practice Book § 39-19 (5),[7] because the court mistakenly

---

[5] The defendant also suggests that the canvass was incurably defective because of the confusion he exhibited at the outset of the canvass, despite his subsequent affirmations of understanding. We do not review this claim because he raises it for the first time in his reply brief. See *Burns* v. *Quinnipiac University*, 120 Conn. App. 311, 320 n.9, 991 A.2d 666 (2010). The claim is without merit, regardless. "A court is permitted to rely on a defendant's responses during a plea canvass"; *State* v. *Hanson*, 117 Conn. App. 436, 449, 979 A.2d 576 (2009), cert. denied, 295 Conn. 907, 989 A.2d 604 (2010); and here, the court permissibly relied on the defendant's seventeen affirmations of understanding that followed his moment of confusion.

[6] The right to trial by jury is one of the fundamental constitutional rights that a defendant must waive knowingly and intelligently for a guilty plea to be valid. *Boykin* v. *Alabama*, supra, 395 U.S. 243–44.

[7] Practice Book § 39-19 provides in relevant part: "The judicial authority shall not accept the plea without first addressing the defendant personally

stated that the defendant was waiving his right to a *"hearing* before a judge or jury"; (emphasis added); instead of a "trial" and, therefore, that the record does not disclose that he knowingly and voluntarily gave up this right. Second, he contends that the court failed to explain the specific intent element of the charge of assault of a police officer,[8] as required by Practice Book § 39-19 (1),[9] rendering the canvass inadequate and the record devoid of adequate evidence that he entered his plea to this charge knowingly and voluntarily. We are unpersuaded.

Practice Book § 39-19 was designed to ensure that guilty pleas comport with due process; however, a guilty plea "may satisfy constitutional requirements even in the absence of literal compliance with the prophylactic safeguards of [Practice Book §§ 39-19 and 39-20]." (Internal quotation marks omitted.) *State* v. *Barnwell*, 102 Conn. App. 255, 259, 925 A.2d 1106 (2007). In other words, "substantial compliance" is sufficient. *State* v. *Hanson*, 117 Conn. App. 436, 444, 979 A.2d 576 (2009), cert. denied, 295 Conn. 907, 989 A.2d 604 (2010). For example, in *State* v. *Badgett*, 200 Conn. 412, 419–20, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986), in which the trial court asked

and determining that he or she fully understands . . .

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

[8] Before an accused can be found guilty of assault of a public safety officer, the state must prove that the accused had the "intent to prevent a reasonably identifiable peace officer . . . from performing his or her duties . . . ." General Statutes § 53a-167c (a).

[9] Practice Book § 39-19 provides in relevant part: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered . . . ."

a defendant in a plea canvass whether he understood that he was giving up his " 'right to trial' " without specifying a *jury* trial, our Supreme Court concluded that the plea canvass was constitutionally sufficient because the trial court expressly mentioned waiver of the right to trial and the defendant had both prior experience with criminal proceedings and adequate representation by counsel.

In the present case, the court's explanation of the defendant's waiver of his right to a jury trial substantially complied with Practice Book § 39-19 (5), despite the fact that the court substituted the word *hearing* for the word *trial*. The court explained to the defendant before beginning the plea canvass that if he chose not to plead guilty, "the other cases you have will be placed on the trial list and we will try those . . . ." Later, the court again expressly informed the defendant that if he chose not to plead guilty, "you can have your trial." Additionally, the defendant twice affirmed that defense counsel adequately had explained everything and that he was satisfied with counsel's representation. Furthermore, the court clarified that the defendant was giving up the right to be heard "before a judge or jury, to have an attorney represent you at that hearing, to present defenses, confront accusers, cross-examine witnesses, and you are giving up your right against self-incrimination." By expressly mentioning and describing the defendant's right to a trial, and by confirming that the defendant had access to adequate representation, the court substantially complied with Practice Book § 39-19 (5).

The defendant's second argument, which is that the court did not explain adequately an element of the assault charge, is likewise unavailing. "It is well established that a plea of guilty cannot be voluntary in the sense that it constitutes an intelligent admission that the accused committed the offense unless the accused

has received real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." (Internal quotation marks omitted.) *State* v. *Barnwell*, supra, 102 Conn. App. 259. This rule is embodied in Practice Book § 39-19 (1). For substantial compliance with that section, notice need not be provided by the court itself. "[E]ven without an express statement by the court of the elements of the crimes charged, it is appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. . . . [U]nless a record contains some positive suggestion that the defendant's attorney had *not* informed the defendant of the elements of the crimes to which he was pleading guilty, the normal presumption applies." (Emphasis in original; internal quotation marks omitted.) Id., 259–60. For example, in *State* v. *Heyliger*, 114 Conn. App. 193, 200–202, 969 A.2d 194 (2009), this court found a "positive suggestion" that it should not apply the presumption when a defendant expressly contended that defense counsel had not informed her of the elements of the charges and neither the trial court nor the attorneys initiated further discussion on the matter.

In the present case, the defendant argues that there was a positive suggestion that he had not been informed of the nature and elements of the charges; however, this contention is not supported by the record. Both the defendant and defense counsel stated during the plea canvass that they had discussed the elements of the charges. Although the defendant also expressed some confusion during that exchange, when the court queried, "what don't you understand?" the defendant's uncertainty pertained to whether the court would accept the plea deal, not the elements of the charges. Thus, this exchange was not a positive suggestion that

defense counsel failed to explain the charges, and the court could presume that defense counsel did so.

Moreover, the defendant was put on notice of the intent element of this charge later in the canvass, which likewise was sufficient to establish substantial compliance with Practice Book § 39-19 (1). During her summation of the charges, the prosecutor described the defendant's crashing his car into the police officer's vehicle and "hitting him head-on in order to get away." This description of the defendant's intentional conduct gave him notice of the intent element and satisfied his due process rights. See, e.g., *State* v. *Johnson*, 253 Conn. 1, 39–40, 751 A.2d 298 (2000) (defendant acquired notice of element omitted by court from reading of charges by court clerk and state's summation). Finally, at the conclusion of the court's canvass, and after the court had heard the defendant's pleas, defense counsel represented to the court that he had explained the elements of all of the charges to the defendant. Accordingly, the plea canvass was not defective, and the defendant's pleas and admission were entered knowingly and voluntarily.

The judgments are affirmed.

In this opinion the other judges concurred.